## *The* MIDDLE BRIDGE *Propr's vs.* WARREN BROOKS.

Whether a duty imposed upon a corporation by law is merely directory, or is essential to the enjoyment of some of their rights, must be determined by its nature and object, by the public convenience, and by what may be understood to have been the intention of the legislature.

If the act granting the right to erect a toll bridge require, that the rates of toll shall constantly be kept exposed to the view of passengers at the place where the tolls are collected; no action can be maintained for the recovery of the penalty given for forcibly passing the bridge without paying toll, unless the corporation have complied with this requirement.

Where there has once been a compliance with this provision on the part of the corporation, and the board on which the rates of toll were established was afterwards unlawfully destroyed, such action cannot be maintained, unless the rates of toll are again exposed to view, as soon as may be.

It was held, that an action could not be maintained after the corporation had delayed for six days to exhibit the rates of toll.

THIS was a writ of error brought to reverse a judgment of the Court of Common Pleas.

The original action was trespass brought before a justice of the peace, and carried by appeal to the Court of Common Pleas. By the action the *Middle Bridge* proprietors, by their treasurer, sought to recover of *Brooks* a penalty of not less than five nor exceeding fifty dollars, under the special *stat.* of 1827, *ch.* 357, for forcibly passing their *Bridge* without paying the legal toll.

The testimony given at the trial, before *Perham J.* was spread on the record, as were several requested instructions, the refusal of the Judge to give them, and the instructions actually given. Thirteen distinct causes of error were assigned, part of which were for alleged material defects in the declaration, and part originating from imputed errors of the Judge in refusing to give the instructions requested by the counsel of the original defendant, and in giving such as were given. As the opinion of the Court was confined to but two particulars, both embraced by the same state of facts, so much only of the case will be given, as is pertinent to this inquiry. The statute granting the right to build the bridge and to take toll, has in it these words: "and the toll shall commence on the day of the first opening of said bridge for passengers, and may be collected, as shall be prescribed by said corporation; and at the place where said tolls are collected, the rates

of toll aforesaid, and all others which may be granted, shall be fairly and legibly painted in large or capital letters, and kept constantly exposed to the view of passengers." There was no averment in the declaration, that any part of this provision of the statute had been complied with, unless from the statement, that the corporation, on the fifteenth of *May*, 1834, when it was alleged that *Brooks* passed the bridge without paying toll, though demanded of him, that the corporation were lawfully entitled to require toll of him. It appeared in evidence, that the defendant, on that day passed over the bridge, the gates being open, without paying toll, although the toll gatherer requested payment thereof. It also appeared, that a board with the rates of toll painted thereon had been erected, but that on the ninth day of the same *May*, and the witness did not know how long before that time, the board had been broken, and the rates of toll torn off, and as he supposed from hearsay, which testimony was objected to by the defendant, by some evil minded person; and that the board continued in that condition for some months afterwards, when it was replaced by a proper one.

It appeared from the record, that the counsel of the original defendant, *Brooks*, contended at the trial, that the action could not be supported, unless it was proved, that the rates of toll were fairly and legibly painted in large or capital letters, and kept constantly exposed to the view of passengers at the place where the toll was collected, and that this had not been done; and he requested the Judge to instruct the jury, that, as there was no evidence that the rates of toll were fairly and legibly painted and exposed to the view of passengers, as required by the statute granting the charter, at the time of the alleged passing of the bridge by *Brooks*, and as there was evidence that the rates were down more than a reasonable time, that the facts proved by the plaintiffs did not constitute such a forcible passing, as was contemplated by the statute. The Judge refused to give this instruction, and instructed them, that it was necessary for the plaintiffs to show, that they had a board with the rates of toll written legibly exposed to the view of passengers, as required by the statute; but that if they were satisfied, that the plaintiffs had erected such board, and it was broken down by violence, or any

Middle Bridge Proprietors *v.* Brooks.

other cause, contrary to the wishes of the corporation, and it was not permitted to be down for an unreasonable extent of time, that they had complied with the law in this respect.   The jury found a verdict for the plaintiffs ; and the defendant filed exceptions.

Among other errors assigned was this : Because it is not alleged in said declaration, that the rates of toll are, or ever were, fairly and legibly painted in large or capital letters, and kept constantly exposed to the view of passengers at the place where the tolls are or were collected.

Another of the errors assigned was founded on the refusal of the Judge to give the instruction requested, and giving instead thereof the one by him given on this subject.

All the questions raised by the assignment of errors were fully argued by *J. Granger,* for the plaintiff in error, and by *T. J. D. Fuller,* for the original plaintiffs.

With respect to these errors, it was argued for *Brooks,* that the omission to aver in the declaration, that the corporation had observed the requisition in their charter in relation to keeping the rates of toll exposed to view was a fatal defect, and that it was not cured by the verdict.   The action cannot be maintained, unless enough appears from the declaration to show, that a cause of action existed.   In a declaration upon a penal statute, or a penal provision in a statute, every material fact should be accurately averred, or distinctly alleged, in the declaration, or it will be error.   *Barter* v. *Martin,* 5 *Greenl.* 76.

It was certainly necessary to prove the fact on the trial, that this provision of the law had been complied with.   Both the erection and continuance of the notice to passengers of the rates of toll, they were required to pay, were conditions precedent to the right to recover toll.   *Nichols* v. *Bertram,* 3 *Pick.* 342.   If the corporation had put up a notice of this kind, and it was destroyed, by accident or design, it was their duty to replace it, as soon as one could be made.   This they did not do.   This question of what was, or was not, a reasonable time, should have been decided by the Court, and not left to the jury for them to decide for the Court.   *Atwood* v. *Clark,* 2 *Greenl.* 249.   But the jury were erroneous in their law, as well as the Court.

For the corporation, it was argued, that this provision was of the same character of the other requirements of the statute, such as the dimensions and location of the bridge, the time when the same should be completed, and others of that description; and that it was no more necessary to allege in the declaration, that the rates of toll were put up, than to aver that the bridge was made at least twenty-two feet wide, as required by the statute. It is enough to allege, that the corporation were entitled to receive toll of those who pass the bridge. *Angell & A. on Corporations,* 377; 2 *Cowen's R.* 770; 4 *Randolph's R.* 578. Whether the corporators have complied in every particular with the requirements of the charter or not, the issue cannot be made in this collateral way. If the proprietors are holding a franchise by wrong, until a seisure of it into the hands of the government of the State, no individual can complain or object. The only condition, the failure to perform which destroys the rights of the corporators under it, is that the bridge should be completed within two years. This was done. 7 *Mass. R.* 185.

Must the corporation, at the peril of suffering any one to use the bridge without payment of the stipulated compensation, keep their bridge in every particular in constant repair, especially when broken down by some malicious individual. The terms of the statute no more makes the keeping up the rates of toll a condition precedent to the right to take it, than it does the keeping of the bridge constantly railed. If the corporation cannot collect the toll by law, then they cannot recover the penalty; they are concurrent remedies, and if a man forcibly passes the bridge without paying toll, if the corporation are entitled to toll, they may recover the penalty. There is a very material difference between this act and the general turnpike act. In *that* it is expressly enacted, that no toll shall be collected, unless the rates are kept up. There is no such provision in *this*. The only provision on the subject in the charter of this corporation is merely directory, like the other regulations about the mode of building the bridge, and keeping it in repair. For any omission or accident in this respect the corporation are only answerable to the government. But unless the rates of toll under all circumstances are to be kept up; and if they are broken down by force,

that any person may pass forcibly with impunity until another is made and put up, the requirement of the law was fully complied with.   It was but six days after the breaking of the board that the defendant forcibly passed the bridge.   Whether it was the special duty of the Judge or jury to decide, as to what was a reasonable time to repair a mischief of this description, it is enough, if the decision was right.   To make a sign-board of this character requires a skilful artist, who could only be found at particular places.   Six days time is too short to find the artist and to have the board made, painted, lettered, varnished, and in order to be put up.

The action was continued for advisement, and the opinion of the Court afterwards drawn up by

WESTON C. J. — The assignment of errors in this case has been extended to a great number of specifications, most of which have been satisfactorily answered.   By the third section of the act, under which the plaintiffs were incorporated, it is provided that they shall, at the place where the tolls are collected, cause the rates of toll to be fairly and legibly painted in large or capital letters, and kept constantly exposed to the view of passengers. It is true, that many provisions in a charter, or in the by-laws authorised under it, may be regarded as directory merely.   Others are such, as are to be inquired of only between the government and the corporation ; or such as relate to the internal management of their affairs with their officers, or with the individual corporators, which are not to be called in question by a stranger.

Whether a duty imposed upon a corporation by law is directory, or essential to the enjoyment of some of their rights, must be determined by its nature and object, by the public convenience, and by what may be understood to have been the intention of the legislature.   *Bank of the United States* v. *Dandridge,* 12 *Wheat.* 64.   The duty referred to is one which, from its nature and object, ought by no means to be remitted.   It answered a double purpose ; as an admonition to passengers, of what was required from them, and to protect them from the imposition of being called upon to pay a higher rate of toll, than was authorised by law.   And that the intention of the legislature might not be

Middle Bridge Proprietors *v.* Brooks.

misunderstood, they have directed, that what they required to be done, should be constantly exhibited to public view.

It is a regulation, in the fulfilment of which, a party charged with having incurred a penalty, for passing without the payment of toll, when thereto required, is interested. And we are of opinion, that the corporation is not authorised to enforce the penalty, while there is a failure, from whatever cause, to exhibit the rates of toll in the manner required by law. It does not appear to us, that they have a claim to exact a penalty from a passenger, who passes without payment of toll, although demanded of him, which was all that was proved against the original defendant, while they omitted to exhibit to his eye, one of the evidences of their right, which it is their duty constantly to expose to view.

The defendant used no other force, than what is merely constructive. It may have been enough to bring his case within the operation of the statute, provided the plaintiffs had done their duty in regard to the subject matter, but we think not otherwise. Nor does it in our judgment make any difference, that their toll-board may have been wantonly and mischievously destroyed. For an injury of this sort, they have a remedy by action ; and their property is protected by penalties. If their board is destroyed, or the letters become obliterated by time, accident or design, they should cause it forthwith, as soon as may be, to be restored and the letters renewed. It cannot otherwise be constantly exposed to the view of passengers.

*Nichols* v. *Bertram et al.* 3 *Pick.* 342, was an action for forcibly passing a turnpike gate, without paying toll. After the corporation was established, in whose behalf the plaintiff, their treasurer, sued, it was provided by a general law, that turnpike corporations should not be entitled to demand or receive toll, unless they erected a sign-board, with the rates of toll written or printed in a certain manner. In the act by which they were created, the duty was imposed in somewhat different language ; and it was not in terms made a condition, upon which their right to receive toll depended. The Court held, that their rights and duties were to be determined by their act of incorporation, and not by the subsequent general law. They further held, that the corporation had complied with the act. And the implication evidently is,

that had it been otherwise, the penalty sought could not have been recovered.

In this case the evidence is, that the toll-board of the corporation was destroyed, at least as early as the ninth of *May*. On the fifteenth, when the alleged trespass was committed by the defendant, it had not been restored. There was at that time no such board exhibited to the view of passengers. And in our opinion the Judge below should have charged the jury, as requested, that this omission was fatal to the action.

*Judgment reversed.*